UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CIVIL ACTION NO. 3:14-CV-00054-GFVT
*ELECTRONICALLY FILED*

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS' COMPENSATION FUND                                              PLAINTIFF

v.              **MOTION TO STRIKE PORTIONS OF DEPOSITION**

CONTINENTAL CASUALTY COMPANY                                           DEFENDANT

* * * * * * * * * * * * * * *

Comes the plaintiff, Kentucky Association of Counties Workers' Compensation Fund (hereinafter "KACo"), by and through counsel, and moves that certain questions asked, and exhibits tendered, by defense counsel in the deposition of Dr. Steven Douglas Deitch on May 2, 2016, be stricken, stating as follows:

1.      This case concerns the interpretation of a contract of workers' compensation excess insurance.  The determining fact will be whether the cumulative trauma injury of the claimant, Pamela Thompson, first "manifested," within the meaning of the insurance contract, either before or after July 1, 1994, which is when the insurance coverage provided by the defendant took effect.

2.      The workers' compensation claim of Pamela Thompson was litigated and adjudicated in 2000 and 2001.  KACo has continued paying workers' compensation income benefits and medical benefits under the workers' compensation award since then.  In 2012, KACo filed a medical fee dispute, pursuant to the regulations of the Department of Workers' Claims, for the purpose of trying to avoid having to pay for certain proposed treatment for Ms. Thompson, which had been declared not medically reasonable and necessary by a physician who reviewed the proposed treatment on KACo's behalf.

1

3.      At page 28 of Dr. Deitch's deposition herein, defense counsel offered into evidence a copy of the first page of a "motion to reopen" that was filed in the workers' compensation case on September 11, 2012, by an attorney on behalf of KACo.  Seeking to sum up the history of a case that had been originally litigated more than a decade earlier, in the context of his motion to reopen, the attorney who wrote the motion said, "Ms. Thompson began experiencing severe neck pain and head tremors in 1994.  She took medications and received chiropractic care, but her symptoms worsened in 1998 and she began having panic attacks."

4.      The attempt by the defendant to rely upon the statement of the attorney in a that motion, as support for the defendant's argument that the injury "manifested" in prior to July 1, 1994, is ludicrous.  The effect of the exact wording of that statement upon any issue that was presented in the motion to reopen the workers' compensation claim was absolutely nil, and the statement by the attorney in the motion is overwhelmingly contradicted by every piece of genuine evidence pertaining to this case.

5.      For defense counsel to then ask Dr. Deitch to provide an opinion about Ms. Thompson's condition as it existed in 1994 on the basis of that language from the motion to reopen the workers' compensation case is simply appalling.  Actually, Dr. Deitch handled the question very well, but the question, itself, and the exhibit to which it refers, should be stricken from the deposition.

WHEREFORE, the plaintiff respectfully requests that the questioning and testimony complained of herein be stricken from the deposition of Dr. Deitch.

Respectfully submitted,

/s/ Timothy J. Walker
Timothy J. Walker
FOGLE KELLER PURDY, PLLC
300 E. Main Street
Suite 400
Lexington, Kentucky 40507
(859) 253-4700
Fax (859) 253-4702
twalker@fkplaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following on June 21, 2016:

Michael P. Casey, Esq.
Casey, Bailey & Maines, PLLC
3151 Beaumont Centre Circle
Suite 200
Lexington, KY  40513
mcasey@cbmlaw.net

/s/ Timothy J. Walker

3