UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CASE NO. 3:14-CV-54-GFVT
-Electronically Filed-

**KENTUCKY ASSOCIATION OF**                                          **PLAINTIFF**
**COUNTIES WORKERS'**
**COMPENSATION FUND**

v.

**CONTINENTAL CASUALTY**             **DEFENDANT/THIRD-PARTY PLAINTIFF**
**COMPANY**

v.

**TRANSAMERICA INSURANCE**                   **THIRD-PARTY DEFENDANT**
**COMPANY**

---

### DEFENDANT'S PRETRIAL COMPLIANCE

---

Comes the Defendant/Third-Party-Plaintiff, by and through counsel, and in compliance with the Federal Rules of Civil Procedure, provides the following pretrial compliance for the pretrial conference of this matter.

**I.**      **Statement of Facts**

This case centers on the determination of who is to be responsible for the future workers' compensation payments made to Pamela Thompson, an employee of the Greenup County Fiscal Court from 1986 to 2000. In early 1994, she began developing chronic, severe neck pain. In 1998, the condition had become severe enough to warrant surgery and further treatments. As a result of the pain, Ms. Thompson left her job in 2000 and filed for workers' compensation. On July 25, 2001, the Administrative Law Judge granted her claim for total disability income benefits. The date of injury was listed as April 11, 2000.

1

After her claim was granted, the Kentucky Association of Counties (hereinafter "KACO") began paying benefits to Ms. Thompson as required by the award. In September 2013, KACO's self-insured retention of $500,000 was exhausted. Subsequently, KACO sought relief from Continental Casualty Company (hereinafter "Continental") for awards above and beyond the $500,000 retention. Continental denied liability, arguing that a 1998 amendment to its insurance policy placed Thompson's injury outside of the applicable policy period during which Continental covered KACO. This Court's January 8, 2016 Order affirmed Continental's amendment and indicated that based upon *American Printing House for the Blind v. Brown*, 142 S.W.3d 145 (Ky. 2004), Ms. Thompson's injury manifestation date was "the date on which the claimant recognizes such a causal connection" between the injury and its work-relatedness.

It is Continental's belief that Ms. Thompson's injury manifested prior to July 1, 1994, and more importantly, before it insured KACO. The deposition testimony of Ms. Thompson, along with the testimony of Dr. Robert Whittaker, will prove that Ms. Thompson was becoming aware of the work-relatedness of her injuries in early 1994.

KACO filed suit in Franklin Circuit Court seeking a declaration of rights that Continental is liable for the excess of Ms. Thompson's award beyond the $500,000 self-insured retention. Continental subsequently removed the action to this Court.

**II.     Questions of Fact**

Ultimately, this case centers on the manifestation date of Pamela Thompson's work-related injuries. Ms. Thompson began developing severe chronic neck pain in 1994. Her condition worsened and required surgery in 1998. Ms. Thompson quit her job on April 11, 2000 and filed for workers' compensation. Upon receiving total disability, KACO began paying her benefits and continued to do so until September 2013 when their $500,000 self-insured retention was reached. KACO now seeks

2

relief from the Court as to the future benefit payments to Ms. Thompson, arguing that Ms. Thompson's symptoms did not manifest until April of 2000, during Continental's policy period covering KACO, and thus Continental should be liable for the excess payments.

Conversely, based upon the deposition testimony of Pamela Thompson and the testimony and medical records of Dr. Robert Whittaker, Continental believes the symptoms began manifesting themselves in early 1994 when Ms. Thompson's work duties shifted to include heavy phone use where she was constantly craning her neck while holding the phone.

The jury must decide whether Ms. Thompson was aware of the work-relatedness of her symptoms based upon the medical records of Dr. Robert Whittaker and her own deposition testimony.

### III. Questions of Law

The Court has largely addressed the questions of law in this matter. Transamerica Insurance Company insured KACO's excess liabilities from July 1, 1993 to July 1, 1994, and Continental Casualty Company insured same from July 1, 1994 to July 1, 2000.

Prior to 1998, Continental's policy language determined the occurrence of an occupational disease was deemed to take place on the date upon which the employee was last exposed at work to the disease-causing conditions. Subsequent to the 1998 amendment, the policy language fixed the date of occurrence as when occupational disease first manifested. Because "manifested" was not defined by the policy language, it was before the Court to determine the appropriate definition of same. After the issue was extensively briefed by both parties, the Court analyzed all relevant case law and determined that *American Printing House for the Blind v. Brown*, 142 S.W.3d 145 (Ky. 2004), was most controlling on the issue. The *Brown* court found the manifestation date to be the date on which it was "undisputed that the claimant sustained work-related trauma and that harmful

changes from the trauma were symptomatic."

Ultimately, the Court must now decide when Ms. Thompson's work-related injuries first manifested, as defined by *Brown*. Continental believes that Ms. Thompson's injuries manifested in early 1994, based upon her statements to Dr. Whittaker in the course of his treatment and based upon her deposition testimony. KACO believes the manifestation date was in April 11, 2000, the date stipulated to in the workers' compensation proceedings.

**IV.     Expected Evidentiary Objections**

At this time, Continental does not anticipate making objections to any potential evidence.

**V.      Pending Motions**

Currently, Continental has a motion before the Court regarding the admission of medical records, IME records and physician reports which were submitted as evidence in the underlying workers' compensation claim. At this time, Continental is not contemplating any further motion practice.

**VI.     Settlement and Other Matters**

The parties have not attempted mediation in this matter, however Continental has made repeated attempts at resolving this matter without involving the Court. On multiple occasions, the Continental has made a reasonable offer of settlement to Plaintiff, but no response has ever been received to date. At this moment, Continental has communicated a settlement offer to Plaintiff, but intends to revoke the offer prior to the deposition of Dr. Robert Whittaker, as Continental believes the testimony of Dr. Whittaker is ultimately determinative of the issues in this case. If no response from the Plaintiff is received prior to the deposition of Dr. Whittaker, it is the opinion of Continental that settlement will be unlikely.

**VII.    Feasibility of Alternate Dispute Resolution**

Continental has expressed its willingness to settle this matter without involving the Court; however no response has ever been received from the Plaintiff. While Continental has no objection to attempting to mediate this matter, it has expressed its intention to withdraw all settlement offers prior to the deposition of Dr. Whittaker. At this point in the litigation, the cost of defense must be considered in discussing an offer of settlement, and as Dr. Whittaker's testimony will bolster the position of Continental, after his deposition the likelihood of successful alternate dispute resolution will decrease significantly.

        Respectfully submitted,

        CASEY BAILEY & MAINES, PLLC
        3151 Beaumont Centre Circle, Ste. 200
        Lexington, Kentucky 40513
        Telephone: (859) 243-0228
        Facsimile:  (859) 243-0528

By:  /s/ Michael P. Casey
       MICHAEL P. CASEY
       S. MCKENZIE CARTER

**CERTIFICATE OF SERVICE**

       This is to certify that the foregoing was electronically filed on June 24, 2016 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Timothy J. Walker
Fogle Keller Purdy, PLLC
300 E. Main St., Ste 400
Lexington, KY 40507
*Counsel for Plaintiff*

Courtesy copy sent to:
GFVT_chambers@kyed.uscourts.gov

                              */s/ Michael P. Casey*
                              MICHAEL P. CASEY
                              S. MCKENZIE CARTER